**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:40 PM July 20, 2022**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| OLIVER J. CAMPBELL, JR. & DESHAWNA R. CAMPBELL, | CASE NO. 20-60290 |
| Debtors. | JUDGE RUSS KENDIG |
| | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Now before the court is co-debtor Deshawna R. Campbell's ("Debtor-Wife") motion to reinstate her discharge.[1]

The court has subject matter jurisdiction over this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor-Wife and her husband filed a joint petition under Chapter 7 on February 17, 2020. After the petition was filed, Debtor-Wife received a tax refund for the 2019 tax year, part of

---

[1] Though the motion to reinstate is a joint motion by both debtors and it refers to "their" discharge, only Debtor-Wife's discharge was revoked and, thus, the motion will be referred to as Debtor-Wife's motion.

1

which constituted property of the estate. The Chapter 7 Trustee ("Trustee") filed a motion for turnover on May 14, 2020, seeking $3,060.00 from the tax refund. This court granted the motion on June 1, 2020, and ordered Debtor-Wife to turn over the money, but she never did. Debtors received their discharges on June 26, 2020.

On September 17, 2020, Trustee initiated an adversary proceeding and asked the court to revoke Debtor-Wife's discharge and enter a money judgment on the refund money. Trustee and Debtor-Wife entered an agreed judgment order on October 15, 2020, that laid out the terms of Debtor-Wife's repayment. Judgment was entered against Debtor-Wife for $3,992.00 (Trustee's portion of the tax refund plus additional fees) plus interest at the federal rate. Debtor-Wife agreed to pay $250.00 per month from October 2020 through September 2021 and then make a final payment of $1,242.00 on October 1, 2021. She also agreed that her failure to make payments would constitute a default, which would result in a revoked discharge. On March 22, 2022, Trustee filed an affidavit of default declaring that Debtor-Wife was in default of the agreed judgment order because she only paid $2,150.00 and still owed $1,842.00 and asked the court to revoke her discharge. The next day, the court entered an order revoking Debtor's discharge.

By May 6, 2022, Debtor-Wife had paid what she still owed on the agreed judgment order and the court entered an order indicating that she had satisfied the money judgment. On May 12, 2022, she filed this motion to reinstate her discharge. While her motion is sparse in detail, she argues that, now that she has satisfied the money judgment, the revocation is no longer necessary, and her discharge should be reinstated.

## **DISCUSSION**

Federal Rule of Civil Procedure 60 governs when a court may grant a party relief from a judgment or order and is applied to bankruptcy cases via Federal Rule of Bankruptcy Procedure 9024. The Sixth Circuit has held that "[a]s a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993) (citing In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir. 1986)). Subsection (b) provides six grounds for such relief, two of which are relevant to this case: (b)(5) and (b)(6).

### Rule 60(b)(5)

Under Rule 60(b)(5), a court can grant a party relief from a final judgment, order, or proceeding if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). There is no specific time limit for filing a motion for relief under Rule 60(b)(5), only a directive that such a motion "must be made within a reasonable time." Fed R. Civ. P. 60(c)(1). Even though Debtor-Wife offered no legal basis for her request, the grounds in (b)(5) are relevant here because the only justification provided for reinstating her discharge is that Debtor-Wife satisfied the judgment entered against her from the adversary proceeding. (Mot. to Reinstate Discharge, ECF No. 49.)

Regarding timeliness, courts tend to be lenient and typically only find that a Rule

60(b)(5) motion is untimely when an inexplicably long period of time has elapsed between the judgment from which relief is sought and when the motion for relief is filed. In In re Bench, the bankruptcy court found that a debtor's motion for relief from a default judgment revoking his discharge was untimely where he filed his motion seventeen months after the default judgment was entered. *See* In re Bench, 556 B.R. 500 (Bankr. D. Utah 2016). Similarly, courts have found delays of twenty-two months and twenty-nine months to render such motions untimely. *See* Morse-Starrett Prods. Co. v. Steccone, 205 F.2d 244 (9th Cir. 1953); Sunbeam Corp. v. Charles Appliances, Inc., 119 F.Supp. 492 (S.D. N.Y. 1953). Here, Debtor-Wife filed her motion less than two months after her discharge was revoked and less than a week after she satisfied the money judgment. (Mot. to Reinstate Discharge, ECF No. 49; Satisfaction of J., Silagy v. Campbell, No. 20-06026 (N.D. Ohio May 6, 2022), ECF No. 10; J. Entry Revoking Discharge, Silagy v. Campbell, No. 20-06026 (N.D. Ohio Mar. 23, 2022), ECF No. 8.) With such a prompt filing, her motion fulfilled the requirement of being filed within a reasonable time and was, therefore, timely.

Several courts have addressed the issue of a debtor requesting his or her revoked discharge to be reinstated after belatedly satisfying an accompanying money judgment. Courts have tended to draw an important distinction between the money judgment and the order revoking discharge. A money judgment compels a debtor to pay a certain amount of money, whereas "a judgment revoking a debtor's discharge is 'punitive in nature'" and lacks a coercive element. Bench, 556 B.R. at 508-09 (citations omitted). Therefore, while a money judgment might be satisfied by paying the required amount, an order revoking discharge cannot be satisfied because it does not ask anything of the debtor. *See id.* Further, a revocation of discharge also lacks prospective effect, i.e., it doesn't "regulate the defendant's actions in a way that would involve the court supervising the ongoing relations between the parties, changing conduct or conditions." Kleven v. Mrozinski (In re Mrozinski), 489 B.R. 818, 821–22 (Bankr. N.D. Ind. 2013) (citations omitted). The provision for satisfied judgments is not designed for orders like revocations of discharge. Instead, it "appears to serve as a defendant's remedy when the holder of the judgment refuses to acknowledge that it has been satisfied or to file a satisfaction of judgment." Id. at 821. Since the order revoking discharge lacks any directive or prospective effect and cannot be satisfied, Rule 60(b)(5) cannot be applied to provide relief from such an order unless it was conditioned on action by the debtor and the court failed to acknowledge when the debtor satisfied such a requirement. *See* Bench, 556 B.R. at 508-09; Mrozinski, 489 B.R. at 821-22.

In the few available opinions on the subject, courts have usually not been sympathetic to debtors' attempts to use Rule 60(b)(5) to vacate a revocation of discharge. The debtor in In re Porter was not entitled to relief under Rule 60(b)(5) from an order revoking discharge and ordering the debtor to turnover tax refund money to the trustee because the court held that a judgment revoking discharge cannot be satisfied under (b)(5). *See* In re Porter, No. 13-10004-SAH, 2019 WL 364273 (Bankr. W.D. Okla. Jan. 28, 2019). Similarly, the bankruptcy court in In re Christensen did not grant relief under Rule 60(b)(5) where the debtor belatedly paid back a money judgment that was entered with a default judgment revoking debtor's discharge because the revocation of discharge was a separate order from the money judgment and was punitive in nature, so it could not be satisfied. *See* In re Christensen, No. BR 09-20299-PRW, 2015 WL 6125537 (Bankr. W.D.N.Y. Oct. 16, 2015). There was no relief under Rule 60(b)(5) for the

debtor in Kleven v. Mrozinski from a default judgment that revoked discharge and entered a money judgment even though he repaid the money judgment. *See* Mrozinski, 489 B.R. at 818. The revocation of discharge did not have prospective effect and the debtor had failed to comply with several court orders until it was too late. *See id.* Lastly, a bankruptcy court denied relief from a revocation of discharge under Rule 60(b)(5) where the debtor did not cite "any law, code provision or rule" in her request for relief and where the revocation of discharge had been entered due to the debtor's failure to comply with court orders. *See* DeGirolamo v. Thomas (In re Thomas), No. 05-68035, 2011 WL 2193357 (Bankr. N.D. Ohio June 6, 2011).

      Debtor-Wife has failed to show that she is entitled to relief from the revocation of discharge under Rule 60(b)(5). Just like in the cases above, her revocation of discharge was a punitive order, was not prospective, and did not order her to do anything. (J. Entry Revoking Discharge, Silagy v. Campbell, No. 20-06026 (N.D. Ohio Mar. 23, 2022), ECF No. 8.) Therefore, it could not be satisfied by finishing the payments ordered by the agreed judgment order. Further, similar to the debtors in Thomas and Mrozinski, Debtor-Wife had a history of failures to comply with court orders and failed to show why her belated payment on the agreed judgment order should make up for those failures. (Silagy Aff. of Default, Silagy v. Campbell, No. 20-06026 (N.D. Ohio Mar. 22, 2022), ECF No. 7; Trustee's Compl. to Revoke Debtor's Discharge and for Turnover ¶ 4, Silagy v. Campbell, No. 20-06026 (N.D. Ohio Oct. 15, 2020), ECF No. 1.) With neither the possibility of satisfaction nor a sufficient explanation for her past compliance failures, the court would not be justified in reinstating Debtor-Wife's discharge under Rule 60(b)(5).

      On rare occasions, courts have granted relief from judgments after a party has shown that the judgment has already been satisfied under Rule 60(b)(5). In In re Oxley, an opinion on a creditor's attempt to vacate an order reinstating a discharge, the court mentioned that it had reinstated a previously revoked discharge after the debtor satisfied the accompanying money judgment and submitted an agreed motion with the trustee to reinstate the discharge. *See* In re Oxley, No. 05-12382-7, 2007 WL 2590166 (Bankr. D. Kan. Aug. 23, 2007). The court gave no explanation for doing so. In Budge v. Post, a district court granted relief under Rule 60(b)(5) to the owner of a tennis club against whom a judgment had been awarded to the club's tennis pro in an employment contract dispute. *See* Budge v. Post, 544 F. Supp. 370 (N.D. Tex. 1982). The contract in question was actually a settlement of a previous dispute between the two regarding another club the owner owned in Mexico that was going through Mexican bankruptcy proceedings. *See id.* at 373-75. As part of the settlement, the pro assigned the owner the pro's claims in that bankruptcy proceeding. *See id.*. However, before the trial and unbeknownst to the court or the owner, the pro received a check from the Mexican bankruptcy trustee in satisfaction of claims that were supposed to have been transferred to the owner. *See id.* The court granted the owner relief from the judgment because when the pro received the bankruptcy money, he was being paid with the owner's rightful money in settlement of the debt owed by the owner to the pro. *See id.* at 380. In Peery v. City of Miami, the Eleventh Circuit granted a city relief from a consent decree designed to prevent the criminalization of homelessness because the city had complied with and satisfied the consent decree by training police officers on the decree's requirements, monitoring police interactions with homeless people, and developing community programs to continue compliance. *See* Peery v. City of Miami, 977 F.3d 1061, 1075 (11th Cir. 2020).

The above cases are distinguishable from the present case. The debtor in Oxley submitted an agreed motion with the trustee asking for his discharge to be reinstated, unlike here where Debtor-Wife submitted her motion on her own. *See* Oxley, 2007 WL 2590166; (Mot. to Reinstate Discharge, ECF No. 49.) While the court did not explain why it granted the motion, having the trustee on board may have played a role. Even though both the present case and Budge involved a satisfied money judgment, in Budge the money judgment was the entire basis for the other judgment from which the owner requested relief and there was no punitive judgment that could not be satisfied, like there is here. *See* Budge, 544 F. Supp. at 373-75; (Mot. to Reinstate Discharge Ex. A, ECF No. 49; J. Entry Revoking Discharge, Silagy v. Campbell, No. 20-06026 (N.D. Ohio Mar. 23, 2022), ECF No. 8.) The consent decree in Peery was totally different from the revocation of discharge here because it was prospective and regulated the city's future conduct, so it could be satisfied. *See* Peery, 977 F.3d at 1075. Also, in all these cases, the movants requesting relief gave detailed and reasoned justifications for their request, whereas Debtor-Wife simply indicated that she had finally (and belatedly) paid off the money owed in the agreed judgment order, with no explanation given for her default. *See* Peery, 977 F.3d at 1075; Oxley, 2007 WL 2590166; Budge, 544 F. Supp. at 373-75; (Mot. to Reinstate Discharge, ECF No. 49.) Debtor-Wife's motion may have been successful if she and Trustee had filed it together or if she had provided a better justification for her request and/or an explanation for not complying with the agreed judgment order. Still, the punitive and non-prospective nature of the revocation might have been too much to overcome.

Rule 60(b)(6)

The other relevant provision for Debtor-Wife is Rule 60(b)(6), known as the "catch-all" provision. While Debtor-Wife did not specifically invoke this ground in her motion, it is always worth considering once the other options under Rule 60(b) are eliminated. Paragraph (b)(6) provides for relief from a final judgment, order, or proceeding for "any other reason [other than those enumerated in (b)(1)-(5)] that justifies relief." Fed. R. Civ. P. 60(b)(6). This ground is rarely invoked because "almost every conceivable ground for relief is covered under the first three subsections of Rule 60(b)." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). It follows then, that a court would only apply it in "unusual and extreme situations where principles of equity *mandate* relief." *Id*. According to the Supreme Court, examples of factors that a court could use to determine if a situation is "unusual and extreme" include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988).

Occasionally, courts have found that a case contains circumstances that meet these requirements. The Sixth Circuit granted a habeas petitioner relief under Rule 60(b)(6) from a district court decision denying his motion for a writ of habeas corpus. *See* Mitchell v. Genovese, 974 F.3d 638 (6th Cir. 2020). The Court of Appeals found that denying the petitioner's *Batson* claims after he was convicted by an all-White jury and the only Black prospective juror was struck by the prosecution because of her race established extraordinary circumstances that presented the risk of injustice to the parties and of undermining public confidence in the judicial process by making the judicial system "complicit in racial discrimination." *Id.* Similarly, the Supreme Court held that a district court abused its discretion when it denied relief under Rule

5

60(b)(6) to an inmate's habeas petition for ineffective assistance of counsel where the inmate's counsel had used an expert witness at his sentencing hearing who testified that the inmate was especially prone to violence because he was Black. *See* Buck v. Davis, 137 S. Ct. 759, 778 (2017). This conduct constituted extraordinary circumstances where the inmate was entitled to relief under Rule 60(b)(6). *See id.* In a setting more similar to this case, the Ninth Circuit granted relief under Rule 60(b)(6) from an order granting a Chapter 11 debtor's motion to assume a contract because that contract turned out to be non-assumable. *See* Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.), 503 F.3d 933 (9th Cir. 2007).

With such a high standard, it is probably unsurprising that bankruptcy courts have not granted relief to debtors who seek to undo a revocation of discharge under Rule 60(b)(6). The court in Porter held that the debtor was not entitled to relief from a revocation of discharge under (b)(6) because extraordinary circumstances necessitating such relief "generally [require] there to be an absence of fault by the moving party" and the debtor's discharge had been revoked due to her own failures. Porter, 2019 WL 364273, at *2. The debtor's failure to comply with court orders in Mrozinski also proved fatal to his claim for relief under (b)(6). *See* Mrozinski, 489 B.R. at 818.

This case does not contain extraordinary circumstances that would mandate relief under Rule 60(b)(6). Like the debtors in Porter and Mrozinski, Debtor-Wife is not without fault, as she failed to comply with the provisions of the agreed judgment order. *See* Porter, 2019 WL 364273; Mrozinski, 489 B.R. at 818; (Silagy Aff. of Default, Silagy v. Campbell, No. 20-06026 (N.D. Ohio Mar. 22, 2022) ¶6, ECF No. 7.) Also, unlike the movants in Mitchell or Buck, she failed to demonstrate a grave injustice that would occur as a result of her discharge not being reinstated. *See* Buck, 137 S. Ct. at 778; Mitchell, 974 F.3d at 638; (Mot. to Reinstate Discharge, ECF No. 49.) Lastly, there was nothing about the revocation of discharge that was shown to be legally deficient like the order in International Fibercom. *See* Int'l Fibercom, 503 F.3d at 933; (Mot. to Reinstate Discharge, ECF No. 49.)

## **CONCLUSION**

Debtor-Wife is not entitled to relief from the revocation of discharge. She failed to show that her late payment of the remaining money from the agreed judgment order constituted a satisfaction of the revocation under Rule 60(b)(5) because the revocation was punitive and not prospective, so it could not be satisfied. She also failed to show that her case was "unusual and extreme" to the point "where principles of equity *mandate* relief" under Rule 60(b)(6). As far as the court knows, her failure to comply with the agreed judgment order was her own fault and there was nothing to suggest a grave injustice would be carried out if she did not receive a discharge. Debtor-Wife's motion is denied, and an order will be entered immediately.

# # #

**Service List**

Deshawna R. Campbell
Oliver J. Campbell, Jr.
446 Hamilton Avenue N.E.
Canton, OH 44704

Pauline R. Aydin Shuler
2789 E. State Street, Suite 10 # 315
Salem, OH 44460

Anne Piero Silagy, Trustee
1225 S. Main Street, Suite 1
North Canton, OH 44720

Bruce R. Schrader, II
Roetzel & Andress
222 S. Main Street, Suite 400
Akron, OH 44308